STATE EX REL. COBEY v. BALLARD

[110 N.C. App. 486 (1993)]

---

STATE OF NORTH CAROLINA, EX REL., WILLIAM W. COBEY, JR., SECRETARY, NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, AND THE ENVIRONMENTAL MANAGEMENT COMMISSION, PLAINTIFF v. A. J. BALLARD, JR.; JOYCE D. BALLARD, AS TRUSTEE FOR A. C. BALLARD; GARY ALLEN BALLARD; A. J. BALLARD, JR. TIRE & OIL COMPANY, INCORPORATED, DEFENDANTS

No. 923SC550

(Filed 1 June 1993)

**Jury § 1 (NCI4th); Environmental Protection § 87 (NCI4th) — leakage from underground storage tank — action to require clean-up — no right to jury trial**

Defendants were not entitled to a jury trial in an action by the DEHNR seeking to compel defendants to comply with the requirements of the Oil Pollution and Hazardous Substance Control Act for cleaning up a leakage of petroleum from an underground storage tank because the action cannot be characterized as a nuisance action, and the action did not exist at common law or by statute at the time of the adoption of the Constitution of 1868.

**Am Jur 2d, Jury §§ 7 et seq.; Pollution Control §§ 182 et seq.**

STATE EX REL. COBEY v. BALLARD

[110 N.C. App. 486 (1993)]

Appeal from judgment entered 23 March 1992 in Carteret County Superior Court by Judge Herbert O. Phillips, III. Heard in the Court of Appeals 28 April 1993.

Some time prior to November of 1987, a discharge of petroleum products occurred from an underground storage tank which was located on Highway 24 in Carteret County. At the time of the discharge, the property in question was occupied by a gas station/convenience store. The convenience store was operated by a tenant, and A.J. Ballard, Jr. Tire & Oil Company, Inc. owned the site's underground petroleum tanks.

Defendant A.J. Ballard, Jr. is the President of A.J. Ballard, Jr. Tire & Oil Company, Inc. The remaining defendants have owner-ship interests in the land on which the petroleum discharge occurred.

In November of 1987, defendants reported the discharge to the Wilmington regional office of the North Carolina Department of Environment, Health, and Natural Resources (hereinafter DEHNR). On 28 August 1991, DEHNR and the Environmental Management Commission filed a complaint on behalf of the State in the Carteret County Superior Court against defendants, alleging that defendants had failed to comply with the State's environmental clean-up requirements. The DEHNR seeks compliance of N.C. Gen. Stats. §143, Articles 21 and 21A, [the oil discharge provisions of the Oil Pollution and Hazardous Substance Control Act (hereinafter OPHSCA); the leaking underground storage tank provisions of OPHSCA; and the groundwater standards established by the En-vironmental Management Commission pursuant to Article 21 of Chapter 143.] In this action, DEHNR sought an injunction compel-ling defendants to comply with the relevant state environmental statutes.

On 30 October 1991, defendants filed an answer and requested a jury trial on all triable issues of fact. On 18 February 1992, DEHNR filed a motion to deny defendants' jury trial demand. On 23 March 1992, Judge Herbert O. Phillips, III granted plaintiff injunctive relief and denied defendants' request for a jury trial. On 23 March 1993, defendants filed notice of appeal from Judge Phillips' order.

*Attorney General Lacy H. Thornburg, by Special Deputy At-torney General Philip A. Telfer, for plaintiff-appellee.*

*Henderson, Baxter & Alford, P.A., by B. Hunt Baxter, Jr., for defendant-appellant.*

STATE EX REL. COBEY v. BALLARD

[110 N.C. App. 486 (1993)]

WELLS, Judge.

The sole issue defendants raise on appeal is whether the trial court erred in granting the State's motion to deny defendants' demand for a jury trial. Both parties agree that the two prong test set out by our Supreme Court in *State ex rel. Rhodes v. Simpson*, 325 N.C. 514, 385 S.E.2d 329 (1989) is governing in this case. In *Simpson*, the Supreme Court considered whether the right to demand a jury trial exists for a defendant in an action brought by the State to enforce wetland protection provisions of the Coastal Area Management Act of 1974 and the Dredge and Fill Act of 1969, when the statutes themselves do not authorize a jury trial. Finding that the defendant in *Simpson* did not have a right to demand a jury trial, the *Simpson* Court set out the following test:

> [First the court must determine whether the action] brought by the State . . . existed at common law or by statute at the time of the adoption of the 1868 Constitution. Only if such an action existed at that time need we determine whether the remedy sought is one at law respecting property. (Citations omitted.)

In the case at bar, the State sought a permanent injunction requiring defendants to comply with N.C. Gen. Stat. Chapter 143, Parts 21 and 21A. Seeking compliance with the relevant environmental clean-up statutes, the State sought to have the trial court order the defendants to have an independent contractor complete tightness tests on all the tanks and lines located at the discharge site; to enter into a contract for the completion of the Step I assessment previously approved by the plaintiff; to submit a report on the findings of all tightness tests and the Step I assessment, along with a remediation plan to restore the affected groundwater for approval by plaintiff; and to implement the approved remediation plan, presenting any additional engineering plans not contained in the remediation plan for State approval before final implementation.

Defendant asserts that the trial court erred in granting plaintiff's motion to deny defendants' request for a jury trial because the case at bar should be characterized as an action in nuisance, thus qualifying as a cause of action which existed at the adoption of our State's 1868 Constitution and satisfying the first prong of the *Simpson* test. We disagree.

STATE ex rel. COBEY v. BALLARD

[110 N.C. App. 486 (1993)]

In the typical common law nuisance action, the standard of liability for the asserted wrong is a factual determination of whether, by the improper use of his property, one has done injury to the land, property or rights of another. *See generally Andrews v. Andrews*, 242 N.C. 382, 88 S.E.2d 88 (1955). In this case, the statutory regulatory scheme or system of controls on the disputed activity sets the standards of compliance or noncompliance which constitute the wrong. The only factual determination for the court is whether compliance or noncompliance exists, not whether harm or injury has occurred or may occur. The requirements of the statutory scheme itself is what is at issue.

The very complex and comprehensive set of regulatory requirements and controls established under the pertinent provisions of Chapter 143 of the General Statutes are clearly distinguishable from the parameters of a private nuisance as that term was understood under common law.

Because of our disposition of the first prong of the *Simpson* test, we need not address the second prong of the *Simpson* test. The trial court's order granting the State's motion to deny defendants' demand for a jury trial is

Affirmed.

Judges GREENE and WYNN concur.